**H. B. ZACHRY COMPANY, Appellant,**

v.

**Joe O'BRIEN and Fred Beachner, d/b/a Asphalt Construction Company, Appellees.**

**No. 8867.**

United States Court of Appeals
Tenth Circuit.

May 12, 1967.

Rehearing Denied June 13, 1967.

Herbert A. Marshall, Topeka, Kan., and Warren E. Slagle, Kansas City, Mo., for appellant.

A. Harry Crane and Arthur L. Claussen, Topeka, Kan. (Sterling S. Wagener, Topeka, Kan., with them on brief), for appellees.

Before PICKETT, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellees, co-partners, d/b/a Asphalt Construction Company, residents of Kansas, filed an action in the Federal District Court in Kansas against appellant, a Delaware corporation, for breach of a construction subcontract executed in behalf of appellant by its employee who was superintendent of the project covered by appellant's prime contract.

Cross motions were filed by the parties praying for a summary judgment under Rule 56, F.R.Civ.P. The court granted appellees' motions insofar as liability was concerned, and submitted the question of damages to a jury. This appeal attacks the granting of summary judgment.

Pleadings, affidavits, depositions, answers to interrogatories and admissions of both parties made up the material supporting the pleadings upon which the court made its determination.

A memorandum [1] which was prepared by the appellant's superintendent, Bryan, and which appellees allege is the contract was attached to the complaint. It contained all of the items Gore, the managing partner, and the superintendent agreed would be subcontracted to appellees. The consideration for the subcontract work was also set forth. The memorandum dated September 24, 1963, was signed, "H. B. Zachry Company by R. R. Bryan, Project Manager," and showed a carbon copy to C. B. Morris, identified in a collateral affidavit as Vice President of appellant company. Immediately following this signature was an addendum: "I agree to the above conditions as the basis for a formal subcontract. Asphalt Construction Company, by Ralph Gore."

The claim or conflict arises from appellant's assertion that there is a genuine

---

1. The legal definition of memorandum is: "A writing, usually informal, containing the terms of a transaction." Random House, Dictionary of English Language (Unabridged 1966).

issue as to a material fact, i. e., Bryan's authority to bind appellants.

Appellants also assert that the addendum signed by Gore, who had been the managing partner, admits that a binding contract was not executed.

Cross motions under Rule 56, F.R.Civ.P., give rise to the inference there is no evidence other than the pleadings and supporting instruments to be considered. Garrett Freightlines, Inc. v. United States, 236 F.Supp. 594, 595 (E.D. Idaho 1964).

Ex-partner Gore testified by deposition that he returned the memorandum to Bryan by mail on September 26, 1963; that he called his bonding company and had the necessary bonds, which were required in the memorandum, prepared and forwarded to appellant; that, in addition, he entered into a subcontract with a third party to perform some of the work covered by the memorandum. He further testified that on October 9, 1963, some fifteen days after the preparation of the memorandum, he was called on the telephone by Bryan and advised that appellant company had decided to do the work. Gore further testified that he advised Bryan that he would rely on the memorandum as a contract and proceed to perform. Gore further testified that he was not advised by Bryan that he was without authority to contract.

Letters of transmittal between appellees and appellant received in evidence established the fact that the bonds submitted as a requirement of the memorandum were returned several months later. This action followed the receipt of those letters.

No testimony was adduced from Bryan, either by deposition, interrogatories or affidavit. He had been transferred to another job of appellant in progress in South America and was not available at the time of discovery or the hearing.

Interrogatories answered by Chester H. Johnson, an officer of appellant corporation, contain the statement, "Plaintiffs were advised by Mr. R. R. Bryan that he was without authority to enter into any subcontracts on behalf of defendant." This is the only instrument which supports appellant's defense that appellees had notice that Bryan was without authority. The deposition of Gore contradicted this assertion.

Bryan and Gore were the only people who knew what transpired, and Bryan did not testify. Therefore, Johnson's answers in the interrogatories must have been based upon information received from others and could only have been conclusory.

This court, before the 1963 amendment of Rule 56, established the fact that answers to interrogatories may be considered in a motion for summary judgment. United States v. Kansas Gas & Electric Company, 10 Cir., 287 F.2d 601, 603 (1961). The 1963 amendment of Rule 56 specifically included interrogatories among the materials which may be considered on a motion for summary judgment, and thereby codified the former practice.

"When one party seeks to use the admissions of an adverse party under Rule 36 or his answers to interrogatories under Rule 33, this evidentiary material has by its nature considerable probative value." 6 Moore's Fed.Prac. § 56.02 [6], at 2040. "* * * [T]he rationale behind such interrogatories and answers warranted their use to the extent that they contained *admissible evidence.*" 6 Moore's Fed.Prac. § 56.11 [1.4].

Rule 56(e), F.R.Civ.P., providing for the use of affidavits to support a motion for summary judgment requires that they be "made on personal knowledge, shall set forth such facts as would be *admissible in evidence*, and * * * show affirmatively that the affiant is competent to testify to the matters" set forth therein.

"* * * [A]lthough answers to interrogatories under Rule 33 are permissible in support of the defendant's motion, they are subject to the same infirmities as an affidavit would be under 56(e)." State of Maryland for Use of

Barresi v. Hatch, 198 F.Supp. 1, 2–3 (D.Conn.1961).

 "Neither conclusionary allegations nor general denials perpetuate an issue of fact under Rule 56, and if such undisputed facts effectively pierce the sham of false generality of claims, the case is ripe for summary disposition. [Citations omitted.]" Bumgarner et al. v. Joe Brown Company, Inc., 376 F.2d 749 (10 Cir. April 24, 1967). Therefore, the answer of Johnson must be disregarded.

The addendum attached to the memorandum must be viewed in the light of the facts established surrounding its execution. Gore testified by deposition that when he learned from the Army Engineers, for whom the project was being built, that appellant was considering a subcontract, he visited with Bryan. All the plans and specifications, the contract prices and complete information of the job were willingly given to Gore. At a subsequent date, Bryan called Gore and discussed with him his reaction to the information given at this meeting. Gore told him they were interested in the job and Bryan then prepared the memorandum and transmitted it to Gore. The testimony of Gore together with the supporting instruments considered by the court evidence a mutual manifestation of assent on the part of appellant and appellees.

■ "The document [memorandum] was only a memorial of the completed oral agreement and did not affect its validity." R. H. Lindsay Co. v. Greager, 204 F.2d 129, 131 (10 Cir. 1953).

■ The Kansas Supreme Court has said: "The general rule is well stated in a comprehensive note at 165 A.L.R. 757. There it is stated: 'The mere intention to reduce an oral or informal agreement to writing, or to a more formal writing, is not of itself sufficient to show that the parties intended that until such formal writing was executed the parol or informal contract should be without binding force.' * * * In Willey v. Goulding, 99 Kan. 323, 161 P. 611, 612, in considering an analogous situation we said: 'The fact that the parties may have contemplated the subsequent execution of a formal instrument as evidence of their agreement does not necessarily imply that they had not already bound themselves to a definite and enforceable contract whose terms could be changed only by mutual consent.' See, also, Middleton v. City of Emporia, 106 Kan. 107, 186 P. 981; also 12 Am.Jur., Contracts, 521, Restatement of the Law of Contracts, par. 26, page 33." [2]

Affirmed.

---

2. Miles v. City of Wichita, 175 Kan. 723, 267 P.2d 943, 947 (Kan.1954).