**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Paul W. HODNETT, Defendant.**

**Civ. A. No. 3700–N.**

United States District Court,
M. D. Alabama, N. D.

Sept. 12, 1972.

Calvin Pryor, Asst. U. S. Atty., Montgomery, Ala., for plaintiff.

George B. Azar, Azar, Campbell & Azar, Montgomery, Ala., for defendant.

## ORDER

VARNER, District Judge.

This suit on a Small Business Administration guaranteed note is now submitted upon the Government's Motion for Summary Judgment, filed herein August 23, 1972, pursuant to Rule 56, Federal Rules of Civil Procedure, on the grounds that there is no genuine issue as to any material fact and that Plaintiff is entitled to a judgment as a matter of law. Arguments of counsel were heard thereon at the pretrial hearing of this case held September 7, 1972.

The parties do not deny that the Defendant, Paul W. Hodnett, in order to induce the Union Bank and Trust Company, a corporation of Montgomery, Alabama, to make a $15,000.00 loan to one Larry M. Hodnett and to induce the Small Business Administration to guarantee said loan, executed and delivered

to the Union Bank and Trust Company his written unconditional guarantee of the loan; that, in reliance on said guarantee, the Bank made the loan to the said Larry M. Hodnett, who defaulted and was ultimately adjudicated a bankrupt; that the note was transferred to the Small Business Administration upon their paying the obligation on the Bank's demand when the note was not paid on schedule; and that this Court has jurisdiction of the cause of action. The affidavit of Robert M. Hartman, Chief of the Small Business Administration Loan Administration Division, filed by the Plaintiff as an attachment to its Motion for Summary Judgment, shows the amount due on the indebtedness to be $11,821.88, plus $434.15 interest accrued through April 6, 1972, and interest thereafter at a daily rate of $2.0113.

Defendant duly filed an answer, stating that the Union Bank and Trust Company, through its representatives, had promised the said Larry Hodnett that they would apportion his payments to them so that the note in question would not be in default and seeking to invoke the alleged breach of such representations of the officials of the Union Bank and Trust Company in defense of the claim by the Small Business Administration. The Defendant denied the amount of the claim in his answer but has otherwise failed to controvert the amount of the debt and offers no evidence thereon. He further filed a cross-claim (claiming a judgment for no certain amount against the United States or as a set-off against any indebtedness due the United States by the Defendant) for an amount allegedly due the Defendant from the United States because of the aforesaid violation of promises made to the Defendant by the agents of the Union Bank and Trust Company, whom Defendant alleges to be agents of the United States.

The Government moved for a summary judgment in Plaintiff's favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, relying on the note, the guarantee, the itemizations of payment and balance due in Plaintiff's answers to Defendant's interrogatories.

The Defendant answered the Plaintiff's Motion for Summary Judgment, insisting that there is a genuine issue as to matters of fact involved in this action but failing to attach any affidavit or call this Court's attention to any evidence tending to show such dispute and again insisting upon the promise of the Union Bank and Trust Company as a defense to this cause of action.

■■ The defense that some agent of the Union Bank and Trust Company and of the Government made and violated promises as to the Defendant's debt to them is invalid against the Government. Not even a Government agent could validly release or change the terms of such a debt. United States v. Millsap, D.C., 208 F.Supp. 511. There was no alleged consideration for the alleged novation so it would be unenforceable against even a private litigant.

■ No other attempt is made in the Defendant's answer to the Motion for Summary Judgment to traverse any part of the Government's pleadings, affidavits, or depositions. The Defendant fails to point out any discovery or affidavits where any material aspect of the complaint has been denied. Rule 56 of the Federal Rules of Civil Procedure, in pertinent part, reads as follows:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

> " *     *     *     *     *     *

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allega-

tions or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

While the Court must look at the record on summary judgment in the light most favorable to the party opposing the motion, Crest Auto Supplies, Inc. v. Ero Mfg. Co., 7 Cir., 360 F.2d 896; United States v. Kansas Gas and Electric Co., 10 Cir., 287 F.2d 601, the Court may pierce the pleadings and determine from the depositions, admissions, and affidavits whether material issues of fact actually exist, Smoot v. Chicago, R. I. & P. R. Co., 10 Cir., 378 F.2d 879; Hiern v. St. Paul-Mercury Indemnity Co. (5 CCA, 1959) 262 F.2d 526; and neither conclusionary allegations, nor general denials perpetuate an issue of fact under this rule. H. B. Zachry Co. v. O'Brien, 10 Cir., 378 F.2d 423. While the Defendant, in support of his general conclusory answer to the Plaintiff's Motion for Summary Judgment, submits on the entire file, this Court has been unable to find anything in the entire file which indicates that the Defendant has any serious contention whatsoever as to what amount is still due on the note and, in this Court's opinion, the argumentative conclusions in the answer to Plaintiff's Motion for Summary Judgment, do not meet the requirements of Rule 56 that a party may not rest upon the mere allegations or denials of his pleadings, but that his response "must set forth specific facts showing that there is a genuine issue for trial." Accordingly, it is the

Order, judgment and decree of this Court that Plaintiff's Motion for Summary Judgment be, and the same is hereby, granted. It is the further

Order, judgment and decree of this Court that the Plaintiff have and recover of the Defendant the sum of $12,565.77, this being the principal due on the note involved herein, plus interest at the rate of $2.0113 per day through September 7, 1972. It is further

Ordered that the costs incurred in this proceeding be, and the same are hereby, taxed against the Defendant, for which let execution issue.