Richard **MORALES**, Plaintiff,

v.

**READING & BATES OFFSHORE DRILL-ING CO. and J. W. Bates, Sr.,** Defendants.

No. 74-C-310.

United States District Court, N. D. Oklahoma.

March 17, 1975.

David Lopez, New York City, and James G. Davidson, Tulsa, Okl., for plaintiff, Richard Morales.

R. Thomas Seymore, Tulsa, Okl., for defendant Reading & Bates Offshore Drilling Co.

George W. Owens, Tulsa, Okl., for defendant J. W. Bates, Sr.

## MEMORANDUM OPINION

BOHANON, District Judge.

This cause comes before the Court as a derivative action initiated by a shareholder of the nominal defendant Reading & Bates Offshore Drilling Co. (Reading and Bates). The action was brought pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. Sec. 78p (1964). The relief sought is the recovery of "short swing" profits made by the speculations of a corporate "insider," an insider being a director, officer, or principal shareholder. The gravaman of the transactions prohibited by 16(b) is that an insider may not take advantage of his corporate knowledge or relationship to speculate by buying or selling the corporation's stock where either of two such transactions would fall within less than six months of the other.

■ Pursuant to Rule 56, Federal Rules of Civil Procedure, both plaintiff and defendant filed Motions for Summary Judgment, wherein each declared an intent to rest upon the facts in the record. The Court has determined that, aside from counsels' statements of resting on the record, the cause is properly one for summary judgment as the issues have been reduced to the material facts upon which there is no dispute. The Court has carefully and cautiously evaluated each Motion separately and is convinced of propriety of rendering such a judgment for the following reasons: cf. Napco Oil and Gas Inc. v. Appleman, 380 F.2d 323 (C.A. 10, 1967).

1. The parties expressly declared an intent to rest entirely on the record.

2. The material issues of fact are stipulated, with defendant stipulating that he has no evidence to controvert issues which normally constitute fact questions to be found at trial, See H. B. Zachary Company v. O'Brien, 378 F.2d 423 (C.A. 10, 1967).

3. The plaintiff's allegations, particularly in reference to an October 13 purchase date are purely conclusionary, do not perpetuate an issue of fact, H. B. Zachary Company v. O'Brien, supra, nor do they raise inferences of fact, cf. American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 388 F.2d 272, 279 (C.A.2, 1967).

4. It is a matter of construction as to whether the exercise of an option, equating with a purchase generally, is a purchase within the meaning of 15 USC Sec. 78c(a)(13), SEC v. National Securities, Inc., 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969).

The following facts have given rise to the legal issues.

The defendant J. W. Bates, Sr., was at the time relevant to this suit an officer and director of defendant Reading and Bates. On April 17, 1972, Mr. Bates sold shares of Reading and Bates. Plaintiff alleged that thereafter Mr. Bates purchased, through the exercise of a stock option he held, Reading and Bates shares on October 13, 1972, whereas defendant contended he purchased said shares on October 16. While at first glance such allegation and denial would seem to raise a factual issue, such is not the case for the second and third reasons enumerated above; i. e. plaintiff offered a conclusionary allegation of exercise of the option on October 13 and subsequently stipulated that there would be no evidence to refute Bates' denial of non-exercise on that date.

■ On October 13, Bates discussed the exercise of his option, which

expired October 19, with Mr. Kemper, the corporate official responsible for administrating the Reading and Bates stock option plan. Kemper thereafter initiated the paperwork necessary to bring about the purchase and sale, with the instructions to the transfer agent requesting issuance of shares in accordance with the plan and the defendant's stock option. It was stipulated by the parties through incorporation of the stock option plan and defendant's option agreement, that the terms of the option plan required payment in full at the time of exercising the option. Further, it was stipulated that on October 16 Mr. Bates prepared his check in payment of the purchase price and then delivered the check on October 16 or 17, the exact one of these two dates being unnecessary to the Court's decision. The check, bearing the notation "to exercise option, Oct. 19, 1972," was thereafter deposited, the transfer agent delivering the stock certificate for the shares on October 18, with defendant receiving the certificate no sooner than October 18.

Plaintiff attempted to support his allegations through the further stipulated facts that on October 13, 1972, Kemper had prepared, as is required by 15 U.S.C.A. Sec. 78p, a report to the Securities Exchange Commission on Form 4 reporting an exercise of Bates' option as of October 13. An amended Form 4 was subsequently filed on November 14, 1973, setting forth October 16, 1972, as the date of option exercise. The original Form 4 was signed by Bates on October 13, it being stipulated by defendant that no evidence other than the Form 4 would refute Bates' testimony.

Plaintiff contends that the foregoing, as a matter of law, constitutes an exercise on October 13 and that the contemporaneously executed Form 4 is an admission of such.

The activities of Bates and Kemper on October 13 did not constitute an exercise of the option, as the stipulations and conclusionary allegations afford plaintiff no basis in fact upon which to complain. Zampos v. United States Smelting, Ref. & Mining Co., 206 F.2d 171 (C. A. 10, 1953); Wright & Miller, Federal Practice and Procedure: Civil Sec. 2711. The execution of Form 4 is not an admission. *See* Marquette Cement Manufacturing Co. v. Andreas, 239 F.Supp. 962 (S.D.N.Y., 1965); *cf.* Chemical Fund, Inc. v. Xerox Corporation, 377 F. 2d 107 (C.A. 2, 1967).

 While the Courts look through the form of an option to the economic realities, Abrams v. Occidental Petroleum Corporation, 450 F.2d 157 (C.A. 2, 1971), the facts do not give rise to any inferences positing in truth and fact a purchase earlier than October 16. Nor is there as a practical matter the significant factor of whether Bates could have reaped a speculative profit as between an exercise date of Friday, October 13 and Monday, October 16, Newmark v. RKO General, Inc., 425 F.2d 348 (C.A. 2, 1970), cert. denied, 400 U.S. 854, 91 S.Ct. 64, 27 L.Ed.2d 91 (1970). What a sale, exercise or purchase, or contract is construed to mean and encompass is a matter of federal law, and whether a purchase has occurred requires a construction of that term in order to effectuate 16(b)'s prophylactic purpose of preventing speculation, and not a construction solely according to contract or commercial law. The rationale is that passage of title does not control, nor does the executed or executory option agreement, nor a date selected by parties as being the date of exercise. Bershad v. McDonough, 428 F.2d 693 (C.A. 7, 1970). Rather, the controlling factor in determining whether a purchase has occurred is the date when rights and liabilities become so irrevocable as to offer an opportunity for speculation. What acts constitute an exercise constitute a purchase, and what constitutes a purchase requires a construction of that statutory term in reference to irrevocable liability. There can be no irrevocable liability from proceeding in a plan to exercise an option and taking a collateral step therein, unless the end result

is a sale and purchase made within a period of less than six months. The step which may give rise to liability is that step which constitutes a "purchase," a purchase occurring when the insider's rights become fixed and there is an "irrevocable liability to pay for the stock," Blau v. Ogsbury, 210 F.2d 426 (C.A. 2, 1954) cert. denied 352 U.S. 837, 77 S.Ct. 58, 1 L.Ed.2d 55 (1956); Stella v. Graham-Paige Motors Corp., 232 F.2d 299 (C.A. 2, 1956).

■■ Plaintiff Morales' second contention is that, as a matter of law, by virtue of construction of the statute, even the October 16 date argued for by defendant as the exercise date is *within* any period of *less than* six months. The Court finds the method of computation enunciated in Stella v. Graham-Paige Motors Corp., *supra,* to be persuasive and dispositive. A "period of less than six months" is, since the law does not take account of fractions of days, a period commencing at 0001 hours on one day and ending at midnight on the day two days prior to the corresponding date in the sixth succeeding month; this formula takes account of "within" by excluding one day and "less than" by excluding an additional one day, Jennings & Marsh, Securities Regulations Cs, 3d edit. 1972. Hence a sale on April 17 would have to be followed by a purchase on October 15 for liability to ensue. Plaintiff's argument, by analogy to filing dates wherein the first day is excluded from the computation, does not constitute authority upon which to render judgment, nor is it persuasive reasoning since filing dates are particularly within the domain of the legal profession whereas stock purchase dates have significance to a large segment of the public.

It is, therefore, the judgment of the court that Motion for Summary Judgment of defendant, J. W. Bates, Sr., be granted and Judgment be entered herein in favor of defendants, at the cost of the plaintiff, and that plaintiff Morales' Motion for Summary Judgment be denied.