**JOHNSTON ASSOCIATES, INC., Plaintiff,**

v.

**ROHM AND HAAS COMPANY, Micromedic Systems, Inc., and RIA Products, Inc., Defendants.**

**and**

**Neil E. Wermuth and Mohammed Tajuddin, Intervenors.**

Civ. A. No. 81–436.

United States District Court, D. Delaware.

April 20, 1983.

Robert K. Payson, and Donald J. Wolfe, of Potter, Anderson & Corroon, Wilmington, Del. (W. Bruce Johnson, of Battle, Fowler, Jaffin & Kheel, New York City, of counsel), for plaintiff.

Richard D. Allen, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants.

Edward M. McNally, of Morris, James, Hitchens & Williams, Wilmington, Del. (Craig & Macauley, P.C., Boston, Mass., of counsel), for intervenors.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Senior District Judge.

This case involves the alleged tortious interference of the defendants, Rohm & Haas Company, Micromedic Systems, Inc. and RIA Products, Inc., with a contract between the plaintiff, Johnston Associates, Inc., and RIA Products, Inc. Currently before the Court is the question of which substantive law will govern the plaintiff's claim.

The plaintiff is a New Jersey corporation with its principal place of business in Princeton, New Jersey. The principal defendant, Rohm & Haas Company, is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. The majority of the events surrounding the defendants' alleged wrongdoing took place in Massachusetts. The parties have alternatively suggested that the substantive law of New Jersey, Pennsylvania, or Massachusetts should govern this action.

As the parties recognize, because this is a diversity action, Delaware choice of law principles are applied to determine the appropriate substantive law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *National Instrument Laboratories v. Hycel, Inc.*, 478 F.Supp. 1179, 1181 (D.Del.1979). Delaware courts, when confronted with a substantive choice of law situation in a tort action, will apply the law of *lex loci delecti*, i.e., the law of the state where the tort or injury occurred. *Dymond v. National Broadcasting Co., Inc.*, 559 F.Supp. 734, 737 (D.Del.1983); *Thornton v. Carroll*, 490 F.Supp. 455, 457 (D.Del.1981). In contract cases, however, the Delaware courts have abandoned the somewhat archaic *lex loci delecti* standard and have utilized the more modern and flexible "most significant relationship to the transaction" test set forth in the *Restatement (Second) Conflict of Laws* § 188(1). *See, e.g., Process and Storage Vessels, Inc. v. Tank Service, Inc.*, 541 F.Supp. 725, 729 (D.Del.1982).

918

The claim of tortious interference with the plaintiff's contractual rights is, of course, a tort claim. Consequently, the Court must utilize a *lex loci delecti* analysis. In the case of negligent torts, the *lex loci* is not the place where the wrong occurred but rather where the wrong caused the injury or loss. *See Tew v. Sun Oil Co.,* 407 A.2d 240, 242 (Del.Super.Ct.1979). This is so because injury is the last act necessary for a cause of action to arise. *See George v. Douglas Aircraft Co.,* 332 F.2d 73, 79 (2d Cir.), *cert. denied,* 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964). Consequently, if this were a tort claim based upon negligence, the law of the state where the economic injury was felt, presumably New Jersey, the plaintiff's residence, would apply.

The application of the place of injury rule, however, is appropriate only in the case of negligent torts. *See Marra v. Bushee,* 317 F.Supp. 972, 974 (D.Vt.1970), *aff'd in relevant part, reversed in part,* 447 F.2d 1282 (2d Cir.1971). In the case of intentional torts, the courts have preferred to apply the law of the defendant's place of conduct rather than the place of injury. *See Marra v. Bushee,* 447 F.2d 1282, 1283 (2d Cir.1971). This distinction is made because when the compensatory element is dominant, as it is in the ordinary negligence action, the place of injury rule is appropriate. However, in an intentional tort action, where this compensatory factor is secondary and the punitive element is dominant, "a state finds conduct wrongful because its people regard it as sinful or offensive to public morals and the conduct, not the injury, is critical for applying the applicable law." *Marra v. Bushee,* 317 F.Supp. at 974.

Consequently, in the case of intentional torts, a *lex loci delecti* analysis requires the Court to borrow the substantive law of the state where the defendant's wrongful conduct primarily occurred. This result is in accord with the modern trend to apply the law of the state having the most significant relationship to the occurrence in a contract case. *See Process and Storage Vessels, Inc.,* 541 F.Supp. at 725; *see also Restatement (Second) Conflict of Laws* § 145(1) at 414 (1971) (rights and liabilities of parties with respect to tort action are determined by local law of state which has the most significant relationship to the occurrence).

In this case, the plaintiff seeks recovery based upon an alleged intentional tort of the defendants. Consequently, the law of the state where the defendants' wrongful conduct primarily occurred must be applied. After a review of the record, the Court concludes that most of the defendants' alleged wrongful conduct occurred in Massachusetts. Therefore, Massachusetts substantive law will govern this case.