

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2003

# Phila Reinsurance v. Empl Ins Wausau

Precedential or Non-Precedential: Non-Precedential

Docket 02-1943

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Phila Reinsurance v. Empl Ins Wausau" (2003). *2003 Decisions.* Paper 702.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/702

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

NO. 02-1943

———

PHILADELPHIA REINSURANCE
CORPORATION

v.

EMPLOYERS INSURANCE OF WAUSAU,
A MUTUAL COMPANY,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 01-cv-05452)
District Judge: Hon. Clarence C. Newcomer

———

Argued March 12, 2003

Before: SLOVITER, NYGAARD, and ALARCÓN[*], Circuit Judges

(Filed: March 31, 2003)

———

Keith Dotseth, Esq. (Argued)
Larson King, LLP
2800 MN World Trade Center
30 East Seventh Street
St. Paul, MN 55102

Attorney for Appellant

———

[*] Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth
Circuit, sitting by designation.

William M. Popalisky, Esq. (Argued)
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038


Steven Maniloff, Esq.
Montgomery, McCracken, Walker
 & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

<u>Attorneys for Appellee</u>


<u>OPINION OF THE COURT</u>

ALARCÓN, <u>Circuit</u> <u>Judge</u>.

Employers Insurance of Wausau, A Mutual Company ("Wausau"), appeals from the

district court's order granting Philadelphia Reinsurance Corporation's ("Philadelphia Re"),

petition to compel consolidated arbitration. We affirm. Wausau's representation before

the district court that it had an "informal agreement" with Philadelphia Re to consolidate

the arbitrations establishes the existence of an agreement to consolidate between the

parties pursuant to the doctrine of judicial admissions.

I

Between 1966 and 1985, Philadelphia Re and Wausau entered into ten separate

reinsurance contracts [hereinafter collectively "disputed contracts"]. Each of the disputed

contracts contains an arbitration clause that provides for the manner in which an arbitrator

should be selected. All ten contracts are silent on the issue of consolidation of arbitration.

Before the present dispute arose, Wausau and Philadelphia Re's disagreement over Wausau's obligations to Philadelphia Re under the reinsurance contracts resulted in two separate arbitration proceedings. In each of these disputes, the parties agreed to consolidate the disputed contracts into one arbitration proceeding. Although there was a conflict between the parties regarding Philadelphia Re's appointment of its arbitrator for the second arbitration, the consolidated proceedings went forward. Philadelphia Re prevailed in both.

The most recent conflict between the parties arose from the fact that Philadelphia Re entered into five additional commutation agreements with its reinsureds and alleged that Wausau refused to pay its share of the payments required by those agreements. Philadelphia Re advised Wausau on June 16, 2000 of its intent to demand arbitration in these disputes. On July 18, 2000, Philadelphia Re notified Wausau that it planned to appoint Ronald Jacks, who had presided over the second arbitration, as its party-appointed arbitrator for the third arbitration. Wausau contended that Mr. Jacks could not remain fair and impartial in the third arbitration and on April 4, 2001, petitioned the district court to disqualify him. In its reply brief in support of its petition to disqualify Mr. Jacks, Wausau included the following footnote [hereinafter "the footnote"]:

> Philly Re's brief likewise opens by pointing out that one of the nine contracts between Wausau and Philly Re does not include a clause providing that the arbitrators "shall not have a personal or financial interest in the result of the arbitration." Philly Re never explains the significance of this point and, given the parties' informal agreement to arbitrate the parties' rights under all of the retrocessional agreements simultaneously, there appears to be none. If Philly Re believes the parties should allow Mr. Jacks to serve as an arbitrator

3

in a proceeding limited to the parties' respective rights under the Second Excess Agreement . . . Philly Re should say so. Of course, such an approach logically would entail different arbitrators presiding over eight other arbitrations for each of the other retrocessional agreements.

Appendix to Brief of Appellant at 474-75 n. 2 (citations omitted) (emphasis added).

On March 5, 2002, the district court entered an order granting Philadelphia Re's petition to compel consolidated arbitration.[1] The court held that "the interests of justice and judicial economy are best served by enforcing the agreement to consolidate arbitration."

## II

The district court had jurisdiction over this action under 28 U.S.C. § 1332. This court has jurisdiction under 9 U.S.C. § 16(a)(3).[2] A district court's determination regarding the construction of a contract and the "legal effect an agreement will have on an event the parties did not foresee" is reviewed de novo. Ram Constr. Co. v. Am. States Ins. Co., 749 F.2d 1049, 1053 (3d Cir. 1984). This court "may affirm a judgment on any ground apparent from the record, even if the district court did not reach it." Kabakjian v. United States, 267 F.3d 208, 213 (3d Cir. 2001).

Wausau asserts that in order for the district court to compel arbitration, the parties must have expressly agreed to consolidate the separate arbitrations. "[P]assage of the

---

[1] In the same March 5, 2002 order, the district court denied Wausau's petition for a neutral umpire.

[2] The pertinent portions of 9 U.S.C. § 16(a)(3) provide that "An appeal may be taken from . . . a final decision with respect to an arbitration subject to this title."

[Federal Arbitration] Act was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 220 (1985).[3] A district court must therefore abide by the terms of the parties' agreement, even if it produces inefficient results. Id. See also Champ v. Siegel Trading Co., 55 F.3d 269, 274-75 (7th Cir. 1995) (agreeing with "[t]he Second, Fifth, Sixth, Eighth, Ninth and Eleventh Circuits [which] have held that absent an express provision in the parties' arbitration agreement" district courts are barred from requiring parties to consolidate arbitration "even where consolidation would promote the expeditious resolution of related claims").

Wausau contends that Philadelphia Re did not adduce any evidence of an explicit agreement to consolidate the disputes between the parties. Philadelphia Re maintains that the judicial admission contained in the footnote quoted above, standing alone, conclusively establishes that the parties entered into an agreement to consolidate. "'[J]udicial admissions' [] are admissions in pleadings, stipulations, etc. [] which do not have to be proven in the same litigation." Giannone v. U. S. Steel Corp., 238 F.2d 544, 547 (3d Cir. 1956). "It has been held that judicial admissions are binding for the purpose of the case in which the admissions are made including appeals, and that an admission of counsel during the course of trial is binding on his client." Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir. 1972) (citations omitted). See also ALA, Inc. v. CCAIR, Inc., 29 F.3d 855,

---

[3]The Federal Arbitration Act is codified at 9 U.S.C. §§ 2-16.

862 (3d Cir. 1994) (stating that "judicial admissions are good evidence that an agreement ha[s] been made"). When a party has admitted to a fact, the opposing party may "dispense with proof of facts for which witnesses would otherwise be called" as to that issue, and "any fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof." Oscanyan v. Arms Co., 103 U.S. 261, 263 (1880). Wausau's statement that the parties had an "informal agreement to arbitrate the parties' rights under all of the retrocessional agreements simultaneously" is a judicial admission. Therefore, Philadelphia Re was not required to produce any evidence of a consolidation agreement.

"[T]o be binding, judicial admissions must be unequivocal." Glick, 458 F.2d at 1291. An unequivocal statement is one that is clear, unambiguous and expresses only one meaning. Webster's Third New International Dictionary 2494 (4th ed. 1976). Wausau argues that, when the footnote is read in its entirety, it demonstrates that any intention of the parties to agree to a consolidated arbitration "remained contingent on the parties' positions with regard to other issues, such as the method of selecting arbitrators." We disagree. The footnote does not reflect that there was a condition precedent to the existence of the "informal agreement." Wausau's statement in the footnote that the parties had an "informal agreement to arbitrate the parties' rights under all of the retrocessional agreements simultaneously" is an unambiguous and clear admission that an agreement between the parties existed.

A district court may order the consolidation of separate arbitrations when the parties

6

have an explicit agreement to do so. See Volt Info. Scis, Inc. v. Bd. of Trustees of Stanford Univ., 489 U.S. 468, 476 (1989) (emphasizing that the "the federal policy [of the Federal Arbitration Act] is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate"). If the initial arbitration agreement between the two parties does not include a clause requiring the parties to consolidate arbitration, the parties may subsequently modify the original contract to incorporate such an agreement. Cf., Asplundh Tree Expert Co. v. Bates, 71 F.3d 592, 596 (6th Cir. 1995) (holding that a subsequent letter agreement that specifically referenced the arbitration agreement was a modification of the original agreement); Compania Espanola de Petroleos v. Nereus Shipping, 527 F.2d 966, 973 (2d Cir. 1975), overruled on other grounds by United Kingdom of Great Britain and Northern Ireland v. Boeing Co., 998 F.2d 68, 71 (2nd Cir. 1993) (holding that an additional signatory to a contractual addendum could be bound by an arbitration clause contained in the original contract); American Home Assur. Co. v. American Fidelity & Cas. Co., 356 F.2d 690, 691-92 (2d Cir. 1966) (holding that a subsequent letter constituted a modification of the original contract which put any dispute "within the reach of the arbitration agreement"). See also Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Can., 210 F.3d 771, 774 (7th Cir. 2000) (holding that "in deciding whether [a] contract . . . authorize[s] [consolidation of arbitration] the court may resort to the usual methods of contract interpretation, just as courts do in interpreting other provisions in an arbitration clause").

The remaining issue is whether the fact that the agreement between Wausau and

7

Philadelphia Re was "informal" is sufficient to bind the parties to a consolidation of arbitration. Parties that have an informal agreement with each other have entered into an informal contract. Accord H. B. Zachry Co. v. O'Brien, 378 F.2d 423, 426 (10th Cir. 1967) (explaining that an informal agreement is enforceable as an informal contract, even if the parties intended to later commit the agreement to writing). Parties may create an "informal contract" orally, through a course of business, or "by the simple act of handing a job applicant a shovel and providing a workplace." Hishon v. King & Spalding, 467 U.S. 69, 74 (1984). The existence of an informal contract between two parties gives rise to each party's expectation of performance and right of enforcement. Cf., id. (stating that an informal contract is a contractual relationship of employment that "triggers the provision of Title VII governing 'terms, conditions, or privileges of employment'") (quoting 42 U.S.C. § 2000e-2); Newspaper Readers Serv. v. Canonsburg Pottery Co., 146 F.2d 963, 965 (3d Cir. 1945) (stating that if "[t]he mutual assent which is required by law for the formation of an informal contract is [] present" the informal contract is enforceable). Therefore, the informal agreement between Wausau and Philadelphia Re is an enforceable contract to consolidate arbitration.

Conclusion

Even though the parties did not agree to consolidate arbitration in any of the original ten arbitration clauses in the disputed contracts, their subsequent "informal agreement" to litigate the actions simultaneously served as a modification. The "informal agreement" between Wausau and Philadelphia Re was therefore an "explicit" agreement to consolidate

8

and was enforceable by the district court. The district court did not err in ruling that the

parties agreed to consolidate their disputes.[4]

TO THE CLERK:

Please file the foregoing opinion.

 /s/ Arthur L. Alarcon 
Circuit Judge

---

[4]We agree with Wausau that a district court cannot compel consolidation of arbitration absent an explicit agreement between the parties. We expressly disavow the district court's alternative holding that "the interests of justice and judicial economy are best served" by consolidating the arbitrations.