WALTER A. TAYLOR & another *vs.* PIERCE BROTHERS, LIMITED.

Bristol.   January 21, 1915. — February 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* New trial, Exceptions.   *Res Judicata.   Evidence,* Matter of conjecture.

Where, in an action of tort for personal injuries or for causing death, an exception to a refusal of the presiding judge to order a verdict for the defendant is sustained on the ground that there was no evidence that the person injured or killed was in the exercise of due care at the time of the accident that caused his injuries or death, the decision of this court is "the law of the case" so far as the evidence then passed upon is concerned, and at a new trial of the case the plaintiff, in order to have a right to go to the jury, must present evidence which differs in substance from that produced at the former trial, and which, if then produced, would have made necessary a different decision by this court.

Where, in an action against the proprietor of a mill for causing the death of a boy employed as a back boy, an exception to the refusal of the presiding judge to order a verdict for the defendant was sustained on the ground that the conduct of the boy at the time of the accident that caused his death was a matter of conjecture so that there was no evidence warranting a finding that he was in the exercise of due care, additional evidence, at a new trial of the case, that two spinners on two occasions were heard to call the boy "dope," "crazy" and "nuts," assuming that it was admissible as showing estimates of the decedent's powers of apprehension and comprehension, does not tend to show what the boy was doing at the time of the accident or to make the question of his conduct at that time any less a matter of conjecture.

PIERCE, J.   When this case first was tried in the Superior Court, the defendant at the close of the evidence requested a ruling that "upon the whole evidence the plaintiffs cannot recover." The request was refused and the defendant duly excepted. Following a verdict for the plaintiffs the question of law saved by the defendant came to this court. *Taylor* v. *Pierce Brothers, Ltd.* 213 Mass. 247.   The exception was sustained.*   The case was

---

* The action was brought by the father and mother of a boy, as his next of kin, for causing his instant death on August 16, 1910, when he was employed as a back boy in the defendant's cotton mill in New Bedford.   It appeared that in some unexplained manner the boy was struck and killed by the counterweight of an elevator that in ascending passed through trap doors in the different floors of the mill.   The boy's lifeless body was found with the head partially in a hole in the mule room floor made for the passage of the counter-

tried again with a jury in the Superior Court, and at the close of
the evidence the defendant requested the judge to rule that "upon
the whole evidence the plaintiffs cannot recover." The judge
refused so to rule, and the defendant duly excepted. After a ver-
dict for the plaintiffs, the defendant brings the question of law to
this court.

The former adjudication of this court that the son of the plain-
tiffs was not in the exercise of due care necessarily followed a
consideration of every fact and inference of fact to be found in
or inferred from the whole evidence.

The conclusiveness of such a decision is not determined, nor is
it enlarged, limited or circumscribed by the exposition of prin-
ciples contained in the opinion, by the logic of immutable fact or
by any fallacies of induction. For that case it stands the rule and
measure of right, binding on court and parties. It is "the law of
the case." *Snell* v. *Dwight*, 121 Mass. 348, 349. *Booth* v. *Com-
monwealth*, 7 Met. 285. 3 Cyc. 395, *et seq.*

Upon a new trial, after a decision, no question is open upon the
same or on what is in substance the same evidence. The plain-
tiffs, in order to get to the jury, must produce for their considera-
tion evidence which, had it been produced at the former trial in
addition to that offered, would have necessitated a different con-
clusion by this court. Measured by this rule the plaintiffs must
fail.

The testimony bearing upon the decedent's due care which was
heard at the second trial differed for the most part from that pro-
duced at the first trial in phraseology only. In substance it was
the same. In addition two witnesses stated that they had heard
two spinners, on two occasions, while speaking to the decedent,
call him "dope," "crazy" and "nuts." What circumstances led
to the use of such appellations does not appear. Whether used as
indicating the momentary irritation and vexation of the speaker,
or as an ejaculatory opinion of the decedent's mental ability, is a
matter of pure conjecture.

weight and with the counterweight resting upon the side of the face. In the
previous decision cited above it was held that, the conduct of the boy before
and during the opening of the trap doors being a matter of pure conjecture,
there was no evidence that he was in the exercise of due care at the time
of the accident.

Accepting the statements, without passing upon their admissibility, as estimates of the decedent's powers of apprehension and comprehension, it is as difficult now as before to determine what he was doing and what he was about. The case of *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379, and the cases of which it is the type, go no farther than to decide that the circumstances of any given accident may be such as to supply by reasonably necessary inference the absence of direct evidence of the decedent's due care. This presumption of fact does not arise in this case. From whatever side, from whatever angle the testimony is examined, our reason remains in doubt.

It follows that the judge should have directed the jury to return a verdict for the defendant, and the exception taken to his refusal so to do must be sustained. We are further of opinion that judgment should be entered for the defendant under St. 1909, c. 236; and it is

*So ordered.*

*A. J. Jennings,* for the defendant.
*C. R. Cummings,* for the plaintiffs.