### UNITED STATES of America, Appellee,

v.

### Joseph L. BELCULFINE, Defendant-Appellant.

### No. 75–1213.

United States Court of Appeals, First Circuit.

Submitted Sept. 12, 1975.

Decided Dec. 30, 1975.

James N. Gabriel, U. S. Atty., and Alan R. Hoffman, Sp. Asst. U. S. Atty., Boston, Mass., on brief for appellee.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is the second time that we have considered issues arising from this case. Appellant was originally convicted for the possession and mailing of a pipe bomb, which exploded in the South Boston Postal Annex. An important piece of evidence in that prosecution was a piece of wire which had been seized by Postal Inspectors, acting pursuant to a warrant, from a workbench that was located in a workshop in the rear of the offices of the Bell Music and Amusement Company. The affidavit that the postal inspectors submitted in support of their application for the search warrant stated:

> "On several occasions, between July 26 and August 8, 1973, we went to the premises of Bell Music and Amusement Company, Inc., at 1 Pineland Avenue, Shrewsbury, Massachusetts, [and] looked through the glass window. The premises consisted of a front office with one desk and file cabinets. To the rear of this office through a door partially open, we observed a wooden bench and table."

Subsequent to the search it became apparent that the postal inspectors could not have seen the workbench from which the wire was seized by looking through the glass window at the front of the premises. The appellant thereupon moved to suppress the wire evidence, contending that there had been no probable cause to issue the warrant. A federal magistrate held a hearing, and the district court denied the motion, stating that so long as the affidavits were facially sufficient, the motion to suppress must be denied. An appeal was taken to this court, and we vacated the judgment of the district court, holding that the wire evidence must be suppressed if the

Robert Snider, Boston, Mass., and Snider, Crowe & Sbrogna, Boston, Mass., on brief for appellant.

affidavit contained an intentional, relevant, and non-trivial misstatement. *United States v. Belculfine,* 508 F.2d 58 (1974). Since the district court had made no findings with respect to whether the postal inspectors had knowingly misrepresented the facts, we remanded the case to the district court for a hearing on that issue. In the course of our opinion, this court made the statement that "[the] evidence adduced at the suppression hearing [established] conclusively that the statement in the affidavit that '[t]o the rear of this office through a door partially open, we observed a wooden bench and table' was incorrect." 508 F.2d at 62.

On remand the district court conducted an evidentiary hearing to resolve the factual question of the inspector's intent. In the course of the hearing, the district court took a view of the Bell Music and Amusement Company premises. On the basis of the evidence adduced the district court found that, although the postal inspectors could not have seen the workbench from which the wire was seized by looking through the glass window, the postal inspectors had not been referring to that workbench in their affidavit. Rather, the district court found, they were referring to certain objects in a middle room which looked like a wooden bench and table and, therefore, that the postal inspectors had not committed a misstatement. Because the district court was concerned that this court's prior statement regarding the accuracy of the representation in the affidavit may have been binding on it, the district court found, in the alternative, that any misrepresentation that was made was unintentional. Since we affirm on the basis of the district court's primary finding, we need not consider the propriety of its alternative finding.

■■■ Appellant attacks these findings on three grounds. First, he contends that our statement concerning the truth of the representation in the affidavit constituted the "law of the case" and therefore precluded the district court from finding that the postal inspectors

actually observed objects that looked like a wooden bench and table. We disagree that our statement regarding the accuracy of the statement contained in the inspector's affidavit foreclosed the district court from finding that the inspectors had not made a misstatement. Under the federal doctrine of the law of the case, when a case is decided by an appellate court and remanded for a new trial, any questions that were before the appellate court and disposed of by its decree become the law of the case and bind the district court on remand. *See In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255–58, 16 S.Ct. 291, 40 L.Ed. 414 (1895); 6A Moore's Federal Practice ¶ 59.16. In the prior appeal, we were reviewing the district court's determination that the evidence could not be suppressed because it was not permissible for it to delve beneath the face of the affidavit. We were, therefore, not in the position of reviewing any findings of fact regarding what the postal inspectors could have seen. Our statement, quoted earlier, may unfortunately be read broadly; in context, however, it should be taken as indicating our belief that the photographic evidence established that the postal inspectors could not have seen the workshop in the rear of the premises, not as a finding that the inspectors could not and did not see objects in the middle room. *See* 508 F.2d at 62 n. 7.

Even if we had made such a finding, the law of the case doctrine would not have operated to give this court's factual assertion a preclusive effect. As appellant admits, law of the case principles have been applied to give binding effect to decisions regarding the weight and sufficiency of the evidence at a former trial only where the evidence at the later trial is substantially the same as that at the earlier one. *See, e. g., Taylor v. Pierce Bros. Ltd.,* 220 Mass. 254, 107 N.E. 947 (1915). Here, of course, the evidence at the second trial was not substantially the same as that at the first.

Appellant's second major argument is that certain statements made by the government and by Inspectors O'Leary

and Peterson during the proceedings before the magistrate on the original motion to suppress constituted judicial admissions and hence were binding on the government at the second hearing. We reject these contentions. It is doubtful that any of the statements in question could be treated as judicial admissions, but even if they could, the district court did not abuse its discretion in relieving the government of the consequences of having made them.

Unlike ordinary admissions, which are admissible but can be rebutted by other evidence, judicial admissions are conclusive on the party making them. Because of their binding consequences, judicial admissions generally arise only from deliberate voluntary waivers that expressly concede for the purposes of trial the truth of an alleged fact. Although there is a limited class of situations where, because of the highly formalized nature of the context in which the statement is made, a judicial admission can arise from an "involuntary" act of a party, see *Best v. District of Columbia,* 291 U.S. 411, 415, 54 S.Ct. 487, 78 L.Ed. 882 (1933), considerations of fairness dictate that this class of "involuntary" admissions be narrow. Similarly, considerations of fairness and the policy of encouraging judicial admissions require that trial judges be given broad discretion to relieve parties from the consequences of judicial admission in appropriate cases. See *Wigmore on Evidence* ¶ 2590; *United States v. Cline,* 388 F.2d 294, 296 (4th Cir. 1968).

The first statement appellant contends should operate as a judicial admission is contained in the memorandum the government submitted in opposition to appellant's pretrial motion to suppress the wire evidence. The statement, which appeared in a footnote and which apparently was inserted in the brief over the weekend following the completion of the hearing before the magistrate, stated:

" . . . at the hearing, it became clear that this observation [that the

affiants observed a wooden bench and table] was incorrect. The Government submits that in view of the draperies and poor light inside the premises this was an innocent misrepresentation."

It was a somewhat casual statement, commenting on what the evidence before the magistrate established. Since the government's statement was made at a time when the government was urging a legal theory under which the accuracy of the statement was irrelevant and under circumstances in which the government had not had the time to research the factual issue, we doubt that it would have been proper to treat the government as bound by the statement on remand after this court had rejected the government's primary legal theory. But even if the statement could properly have been treated as a judicial admission at the hearing on remand, the district court did not, in any event, abuse its discretion in relieving the government of the consequences of its statement. As we noted, the policy of encouraging judicial admissions is served by giving trial judges broad discretion in these matters, and here we see no basis for concluding that the district court abused its discretion.

Appellant also contends that statements made by Inspectors O'Leary and Peterson in the course of their testimony at the initial hearing bound the government to the position that the affidavit contained a misstatement. Passing the substantial arguments that the doctrine should not apply to testimonial statements, see *Wigmore, supra* ¶ 2594a, and that the postal inspectors could not bind the government by way of a judicial admission, we are satisfied that neither inspector's testimony is sufficiently conclusive to be treated as a judicial admission.

Inspector Peterson testified that he "believed" or "thought" he saw a workbench. Appellant maintains that this testimony conclusively establishes that he did not actually see a workbench.

We reject this argument as frivolous. The testimony clearly possesses none of the attributes of a judicial admission; it only indicates that the inspector was not certain that he had seen a workbench. Inspector O'Leary testified that the drapes had been closed at the time he observed the workbench. Since subsequent evidence established that it would not have been possible to have observed anything inside the premises if the curtains were fully drawn, appellant contends that Inspector O'Leary's testimony must be taken as conclusively establishing that he did not observe anything on the days in question, and that it foreclosed him from testifying at the second hearing that the draperies had been either open or parted and that he had seen something that looked like a workbench—testimony which the district court relied upon to find that the draperies were parted. Although the earlier testimony is arguably inconsistent with the later testimony, the earlier testimony clearly cannot be taken as a conclusive admission that Inspector O'Leary did not see anything.

Finally, appellant argues that the district court's finding that the postal inspectors had in fact seen something that looked like a workbench was clearly erroneous. We have examined the record carefully and find no merit to this contention. The evidence adduced by the district court when it took the view and the testimony of both inspectors clearly support the district court's findings. There is no other evidence in the record suggesting that the findings were clearly wrong.

*Affirmed.*