NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0693n.06

No. 13-1974

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 05, 2014
DEBORAH S. HUNT, Clerk

ROBERT KAY,                              )
                                         )
    Plaintiff-Appellant,             )
                                         )
                                         )
v.                                       )       ON APPEAL FROM THE
                                         )       UNITED STATES DISTRICT
                                         )       COURT FOR THE  EASTERN
THE MINACS GROUP (USA), INC.,            )       DISTRICT OF MICHIGAN
                                         )       OPINION
    Defendant-Appellee.              )
                                         )
                                         )

BEFORE:    MERRITT, COOK, and STRANCH, Circuit Judges

**JANE BRANSTETTER STRANCH, Circuit Judge:**  Based on an arbitration provision in an employee handbook, the district court dismissed Robert Kay's age discrimination suit and ordered Kay and his employer to arbitrate the issue. The arbitration agreement, assuming it is even valid and enforceable, does not apply to Kay's claims. We REVERSE the district court.

## I.    FACTS & PROCEDURAL HISTORY

In 2011, The Minacs Group fired Robert Kay, who was sixty years old, and hired someone much younger to replace him. Kay sued, alleging age discrimination under the Age Discrimination in Employment Act (ADEA) and Michigan's Elliot Larsen Civil Rights Act (ELCRA). Kay had originally worked for the Phoenix Group, which hired him in 1995, but in 2001 Minacs purchased Phoenix's assets; nevertheless, paragraph 10 of Kay's complaint stated that he "began working for *defendant* in 1995." Minacs moved to dismiss the complaint and

compel arbitration pursuant to the "Receipt of Policies and Procedures" issued by Phoenix and signed by Kay in 1995. Minacs did not submit the Policies and Procedures document itself—just the Receipt. The district court construed paragraph 10 as a judicial admission that Phoenix and Minacs were the same employer and concluded that the Receipt was therefore still operative despite the change in ownership. The court found that the Receipt required Kay to arbitrate his age discrimination claim and dismissed the case and compelled arbitration. Kay moved for reconsideration, requesting permission to amend his complaint and offering evidence that he had been fired by Phoenix and then hired by Minacs and also that Minacs's own employee policies superseded the Receipt. The district court denied Kay's motion. Kay appealed, arguing that the arbitration provision in the Phoenix Receipt does not cover his claims and that the court erred in construing Paragraph 10 of his complaint as a judicial admission that Phoenix and Minacs were functionally the same entity.

This appeal exists largely because of troubling litigation behavior by Minacs. Minacs provided the court with the Phoenix Receipt but not Phoenix's Policies and Procedures handbook even though the Receipt's arbitration provision applies *only* to claims "arising out of or relating to these Policies and Procedures." Due to Minacs's omission, we have no idea what the Phoenix handbook covers and so have no idea what kind of claims the arbitration clause covers. Minacs, moreover, must have had copies of its own receipt and handbook, which suggests that Minacs would have known that the Phoenix receipt had been superseded by its own and that Kay's claims were not subject to arbitration. This crucial information should have been a part of the record.

## II.     STANDARD OF REVIEW

We review a district court's decision to compel arbitration de novo, "but with a thumb"— or at least a pinkie—"on the scale in favor of arbitration." *Solvay Pharm., Inc. v. Duramed Pharm., Inc.*, 442 F.3d 471, 478 (6th Cir. 2006). The question of whether there was an enforceable agreement to arbitrate is reviewed de novo according to state contract law. *Tillman v. Macy's, Inc.*, 735 F.3d 453, 456 (6th Cir. 2013); *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 314 (6th Cir. 2000). A district court's decision to treat a party's statement as a judicial admission is reviewed for abuse of discretion: the decision stands unless the panel is "firmly convinced that a mistake has been made." *MacDonald v. Gen. Motors. Corp.*, 110 F.3d 337, 340 (6th Cir. 1997). A denial of a motion to reconsider is also reviewed for abuse of discretion. *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 476 (6th Cir. 2007).

## III.     ANALYSIS

### A.  Construing the Receipt

The Federal Arbitration Act directs a court to stay litigation and refer an issue to arbitration once it determines that there is (1) an "agreement in writing for such arbitration" and (2) that the issue in question "is referable to arbitration under such agreement." 9 U.S.C. § 3. The threshold question, then, is "whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009) (quoting *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir. 2008)). Both parts of this question—whether there was an "agreement" to arbitrate and whether an issue falls within the scope of that agreement ("is referable," to use the Arbitration Act's wording)—are primarily governed by state contract law. *Hergenreder v. Bickford Senior Living*

*Grp., LLC*, 656 F.3d 411, 416–17 (6th Cir. 2011). We say "primarily" because the Arbitration Act preempts any state law rule "singling out arbitration provisions for suspect status," *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996), and thus requires courts to "place arbitration agreements on an equal footing with other contracts and enforce them according to their terms," *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (citation omitted). But with that caveat thus made, whether Kay and Phoenix had an "agreement" to arbitrate is really a question of contract formation and whether Kay's civil rights claims are within the scope of that agreement is a question of contract construction, both of which are governed by Michigan law.

We assume for argument's sake that Kay and Phoenix had agreed to arbitrate some disputes; the question is whether they had agreed to arbitrate *this* kind of dispute—a civil rights claim. The relevant portion of the Receipt provides:

> I also acknowledge that any and all controversies or claims arising out of, or relating to these Policies and Procedures shall be resolved by submitting the dispute to arbitration . . . .

Note that "Policies and Procedures" are capitalized in this sentence, which indicates that the arbitration provision only applies to claims connected to the employee handbook titled "Policies and Procedures" rather than all of Phoenix's policies and procedures. In other places, the Receipt mentions "policies and procedures" with no capitalization when referring to something other than the handbook itself. The Receipt, moreover, appears to be itself part of the Policies and Procedures handbook. Note the header to the Receipt:



On its face, then, the scope of the arbitration provision is easy to discern: Kay and Phoenix agreed to arbitrate only those disputes that arise from or relate to whatever is in the Policies and Procedures handbook. Minacs did not put the rest of the handbook into the record, so we have no way of knowing whether civil rights claims are covered by the handbook. Arbitration provisions, like any other provision, must be interpreted in the context of the whole contract. *See Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 397–98 (6th Cir. 2014); *see also Heurtebise v. Reliable Bus. Computers, Inc.*, 550 N.W.2d 243, 246–47 (Mich. 1996).

Given Minacs's omission, we construe the provision literally and conclude that the arbitration provision does not cover Kay's civil rights claims because there is no contract language indicating that his claims arise from or relate to the employee handbook. Further, Kay's complaint does not allege a "policy or procedure," it alleges age discrimination on the part of Kay's immediate supervisor. The provision is certainly not "ambiguous" as we normally understand the word: "Contract language is ambiguous if it 'is capable of more than one meaning when viewed objectively by a reasonably intelligent person *who has examined the context of the entire integrated agreement . . . .*'" *Preferred RX, Inc. v. Am. Prescription Plan, Inc.*, 46 F.3d 535, 543 (6th Cir. 1995) (quoting *Walk–In Medical Ctrs., Inc. v. Breuer Capital Corp.*, 818 F.2d 260, 263 (2d Cir. 1987)) (emphasis added). Rather, the provision is "ambiguous" because Minacs chose not to provide the court with the portion of the contract that would clear up the "ambiguity." Remarkably, Minacs argues that the presumption of arbitrability compels the court to resolve this "ambiguity" in favor of arbitration. Presumptions and canons of construction do not relieve a party of its responsibility to provide the court with the entire contract at issue and do not supplant a lawyer's duty of candor owed to the court.

## B. The Judicial Admission

In order to ensure that the case will proceed properly on remand, we pause to address the court's ruling that Kay had made a judicial admission. Paragraph 10 of Kay's complaint states: "Plaintiff began working for defendant in 1995 as an assistant controller." The district court read this sentence to mean that "Plaintiff admits in his Complaint that Phoenix and Defendant [i.e., Minacs] are the same. This is a judicial admission that Phoenix and Defendant have substantial similarities of operation and continuity, thus the arbitration agreement is binding on the parties." We disagree.

"[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court. Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well." *Ferguson v. Neighborhood Hous. Servs.*, 780 F.2d 549, 551 (6th Cir. 1986) (citation omitted). "Factual assertions in pleadings . . . , unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); *see also Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) (quoting *Lacelaw*, 861 F.2d at 226). However, a statement must be "deliberate, clear and unambiguous" and "'expressly concede . . . an alleged fact'" in order to be treated as a judicial admission. *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997) (quoting *United States v. Belculfine*, 527 F.2d 941, 944 (1st Cir. 1975)).

The requirements for a judicial admission are not satisfied by the record. Even under a deferential standard of review, "Plaintiff began working for Defendant in 1995 as an assistant controller," is not sufficiently deliberate or clear to qualify as an express concession that "Phoenix and [Minacs] are the same." The briefing and record before the district court made

clear that Kay did not work for Minacs in 1995, that he worked for Phoenix, that Phoenix and Minacs are not "the same" as a matter of fact, and Kay that did not intend to concede this "fact." The court abused its discretion when it treated Paragraph 10 of Kay's complaint as a judicial admission. *See MacDonald*, 110 F.3d at 340.

## IV.   CONCLUSION

Kay's claims are not arbitrable under the terms of the Receipt and Kay is therefore entitled to pursue his case in federal court. We REVERSE the district court's order compelling arbitration and dismissing the case, and REMAND the case for further proceedings on Kay's civil rights claims.

**COOK, Circuit Judge, concurring separately.**  I concur with the majority's decision to reverse the judgment of the district court and remand for further proceedings on a single, narrow ground: Minacs fails to show that the Receipt entitles it to dismissal.

In granting Minacs's motion to dismiss, the district court relied on the Receipt's seemingly broad language—"any and all controversies or claims arising out of, or relating to"—without grappling with the next phrase, "these Policies and Procedures."  As the majority notes, this phrase limits the scope of the arbitration provision to those disputes arising from or relating to Phoenix's 1995 Policies and Procedures handbook.  And though we have previously construed arbitration clauses to apply broadly to employment disputes, we have done so only when the provisions included broader language than the Receipt's language here.  *See, e.g.*, *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 654 (6th Cir. 2003) (arbitration provision covering "*any legal dispute relating to [employee's] employment* with Circuit City, *including all state and federal statutory claims*, contract claims, and tort claims (emphasis added)); *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 452 (6th Cir. 1998) (arbitration provision covering "any claim . . . *relative to [employee's] employment or termination of employment* (including but not limited to any claim for any tort, discrimination, breach of contract, violation of public policy or statutory claim)" (emphasis added)).

Here, Minacs labeled the Receipt a "stand-alone" document and provided no evidence that Kay's discrimination claim "aris[es] out of or relat[es] to [the Phoenix] Policies and Procedures."  On this record, the district court erred in concluding that Kay's dispute falls within the scope of the arbitration provision.  I therefore concur with the majority's decision to reverse the district court's judgment and remand for further proceedings.