JUSTICE McKINNON,
dissenting.
¶35 I am not as confident as the Court in concluding that Shopko’s statements were unequivocal and constituted a deliberate waiver, expressly conceding certain facts. As discussed below, the statements originally were made by Bilesky’s counsel, not Shopko’s counsel, in the context of a motion for sanctions under M. R. Civ. P. 37 for spoliation of evidence. Shopko’s counsel never asserted unequivocally that the statements were true, nor did Shopko’s counsel indicate that he had *71 confirmed the truth of the statements with someone affiliated with Shopko. Indeed, Shopko employees ultimately contradicted some of the statements at trial. What Shopko’s counsel did was express willingness to admit four “points” that the lost video surveillance footage allegedly would have shown, as an alternative to the harsher remedy of having a default judgment entered against Shopko on liability. The District Court considered whether sanctions should be imposed and determined that Shopko had made a mistake and that sanctions were not appropriate. That decision, which is not on appeal, mooted Shopko’s offer to admit certain points. We thus should not attempt to impose a sanction indirectly by finding a judicial admission.
¶36 After rendering its decision on sanctions, the District Court considered Bilesky’s claim that Shopko had made judicial admissions, thereby conclusively preventing Shopko from offering evidence on the subject of the purported admissions. The District Court did not believe that Shopko had made such a waiver. The District Court knew the context in which the statements had been made. Based on its review of the record and the discussions with counsel, the District Court found that Shopko’s statements were too equivocal to constitute judicial admissions. Further, in exercising its discretion, the District Court determined that eyewitness testimony would be more valuable to the jury than the “subjective” statements of counsel about what the video would have shown. The District Court did not find that Shopko was “playing fast and loose with the facts to suit the exigencies of self-interest,” as this Court determines on the basis of a cold record. Opinion, ¶ 20. Nor did the District Court find that Shopko was attempting to change its position, as the Court also implies. Opinion, ¶ 20. The District Court concluded that the jury needed to hear the eyewitness testimony regarding the particular facts in order to fulfill its fact-finding function. The District Court thus concluded that the supposed judicial admissions by both parties — Shopko’s four points, and Bilesky’s references in her briefs to the puddle of water as being “invisible” — would not be presented to the jury as judicial admissions. I believe the District Court was in the best position to interpret the statements made by counsel within the context of these proceedings. ¶37 In nevertheless holding that the District Court “exceeded the bounds of reason” in refusing to treat the statements as judicial admissions, Opinion, ¶¶ 15, 31, the Court ignores the established principle that trial judges have broad discretion to relieve a party from the consequences of a judicial admission. Thus, even if the statements in Shopko’s brief were judicial admissions, as the Court opines, we must defer to the District Court’s decision about whether Shopko must *72 bear the consequences of those admissions. On the record before us, I believe the District Court in no way “exceeded the bounds of reason” in deciding to relieve Shopko of its supposed admissions. For these reasons, I dissent.
¶38 To understand the District Court’s decision, and why I believe we should defer to that decision, it is necessary to provide greater context of the pretrial proceedings. In her brief in support of her motion for sanctions, Bilesky requested that Shopko be sanctioned for losing the video surveillance footage. Citing M. R. Civ. P. 37(c)(1), Bilesky argued that the possible remedies for this alleged discovery violation included barring Shopko from relying, in support of its defense, on what the video would have shown. She also argued that default judgment on liability was a possible sanction, citing Richardson v. State, 2006 MT 43, 331 Mont. 231, 130 P.3d 634. Bilesky asked the court to grant her default judgment on the issue of liability and to instruct the jury that it could draw negative inferences against Shopko. Alternatively, she requested that the court preclude Shopko from asserting a comparative negligence defense. Within the context of arguing that she had suffered prejudice due to the loss of the video footage, Bilesky asserted that the footage would have proved certain facts, which she then listed in her brief.
¶39 In its answer brief, dated December 7, 2012, Shopko contended that no discovery abuse had occurred. But should the District Court disagree with this contention, Shopko argued that Bilesky’s proposed remedy of a default judgment on liability was too harsh. Shopko indicated that it would not disagree with certain “points” in Bilesky’s list of what the video footage allegedly would have shown. This is one of (he available sanctions specified in Rule 37. See M. R. Civ. P. 37(b)(2)(A)(i), (c)(1)(C) (the court may order that “designated facts be taken as established for purposes of the action, as the prevailing party claims”). At the same time, however, Shopko noted that eyewitness testimony and company records would show what had actually occurred. Moreover, Shopko indicated that other points in Bilesky’s list were disputed. Shopko’s statements are set forth, in their entirety, as follows:
Even if this court is inclined to rule otherwise [i.e., that an abuse of discovery has occurred], the loss of the video has resulted in no prejudice to Plaintiff or unfair advantage to Shopko. In fact, if anything, the loss of the video creates more prejudice for Shopko than Plaintiff.
Furthermore, the Parties substantially agree on what the video would have shown. Plaintiff sets out in her brief what the video *73 would have shown:
• Gloria’s pants were visibly wet;
• She wiped her wet hands on her clothes[;] she fell forward, hard, landing on her hands and knees;
• She needed assistance getting up, she got up slowly and was in visible pain/discomfort; and
• Her gait was altered after falling.
Defendant will not disagree with these points. Eyewitness testimony and company records show what occurred on the day of Plaintiffs fall. However, several other points Plaintiff claims the video would have shown [are] inaccurate based on eyewitness accounts. Those points are:
• The caution, wet floor signs were not out;
• The carpets were saturated with water;
• No employee had even checked the area for at least 35 minutes; and
• No maintenance had been done for an extended period prior to Gloria’s fall.
These points remain in dispute. A video would have confirmed [whether these points are true].
¶40 Bilesky filed a reply brief on December24,2012. At the outset, she articulated her view of the specific issue before the court: “Shopko does not deny destroying critical video evidence. Gloria Bilesky has been prejudiced because of Shopko’s actions. The issue is, what is the appropriate remedy?” Bilesky maintained that a “default judgment on liability” was the proper remedy. However, recognizing that the District Court might find this remedy “too harsh under the circumstances presented,” Bilesky proposed an alternative remedy that included the following jury instruction:
The Defendant admits that the video proved that:
i. Gloria’s pants were visibly wet;
ii. She wiped her wet hands on her clothes;
iii. She fell forward, hard, landing on her hands and knees;
iv. She needed assistance getting up, she got up slowly and was in visible pain/discomfort; and
v. Her gait was altered after falling.
Again, this instruction was offered as a proposed sanction for Shopko’s loss of the video evidence. As such, the instruction was derivative of Bilesky’s motion for sanctions and was dependent upon the District Court’s determining, as a threshold matter, that Shopko should indeed be sanctioned. The proposed jury instruction was not premised on an independent theory of judicial admissions.
*74 ¶41 The District Court denied Bilesky’s motion for sanctions in an order dated December 31, 2012. The court found as follows:
Shopko attempted to preserve the evidence in question, albeit in vain. Shopko was under no general duty to preserve the surveillance footage and could have just let the footage be recorded over; however, an attempt to download the footage onto a DVD was made when the Store Manager became aware that an accident occurred in the store. Once on notice of a potential lawsuit, and the potential evidentiary value of the video, Shopko had a duty not to destroy the potential evidence with the design to disrupt or defeat the potential lawsuit. There is no reason to believe that the mistake in downloading the footage was anything other than inadvertent. Further, the attempt to download the footage to a DVD does not change the fact that the footage from the day of the accident was recorded over as a result of regular scrubbing of the digital recording system’s surveillance videos.... The surveillance footage was destroyed pursuant to the good-faith operation of the digital recording system and there are no exceptional circumstances present; therefore, the Court may not impose sanctions.
In finding that Shopko should not be sanctioned, the District Court necessarily denied Bilesky’s proposed remedy of a jury instruction stating that Shopko had admitted to certain matters that the video footage would have shown. Likewise, the District Court necessarily rejected Shopko’s offer to concede these points in lieu of suffering a default judgment on liability.
¶42 The Pretrial Order was entered on Januaiy 2,2013. Among other things, the Pretrial Order sets forth the Agreed Facts in the case — i.e., those which "are admitted, agreed to be true, and require no proof.” Two, and only two, facts are listed:
1. Jurisdiction and venue are proper in this Court.
2. Surveillance video footage captured Gloria Bilesky entering, falling, and leaving Shopko on the afternoon of Sunday, January 30,2011.
There is no mention, in the Agreed Facts, of Shopko’s supposed judicial admissions. To the contrary, the points that we now hold were judicial admissions” are instead listed in the Pretrial Order under the heading "Plaintiff’s Contentions,” along with the points that Shopko stated in its answer brief "remain in dispute.” Counsel for Bilesky approved and signed the Pretrial Order "as to form and content.” It was also approved and signed by counsel for Shopko and the District Court judge. Thus, the position of the parties at this juncture was that the *75 points which the video would have shown were “Plaintiffs Contentions,” not “Agreed Facts.”
¶43 Bilesky then changed her position. On January 29, 2013 — six days before trial — Bilesky filed a Trial Brief in which she asserted that the District Court should read to the jury the instruction that she had previously proposed as an alternative sanction for Shopko’s loss of the video footage:
In order to use the Court’s time most effectively, during Plaintiffs case-in-chief, Plaintiffs counsel will ask the Court to read the following undisputed facts:
3. The surveillance video showed that:
- Gloria fell forward, hard, landing on her hands and knees,
- she needed assistance getting up; she got up slowly and was in visible pain/discomfort,
- her pants were visibly wet,
- she wiped her wet hands on her clothes, and
- her gait was altered after falling.
¶44 Shopko promptly objected to Bilesky’s proposal that the District Cotut read the foregoing points to the jury, observing that “[t]hey are not undisputed.” Shopko indicated that the only undisputed facts in the case were the two listed in the “Agreed Facts” section of the Pretrial Order. In response, Bilesky filed a supplemental brief on February 4, 2013 — the first day of trial — raising the theory that Shopko’s statements in its December 7, 2012 brief opposing sanctions were “judicial admissions.”
¶45 The District Court considered Bilesky’s request at the pretrial conference that morning and determined that the four points listed in Shopko’s brief (which Bilesky’s counsel listed as five points in the proposed jury instruction) were subjective and that Shopko had not made an express waiver of these points. The District Court determined that eyewitness testimony, rather than the subjective statements of counsel about what thje video presumably would have shown, should be submitted to the trier of fact. Thus, the District Court declined to treat the four points as judicial admissions.
¶46 At trial, Bilesky again attempted to introduce language regarding the four points. When Shopko’s employee (the local store manager) did not testify consistently with some of the four points, Bilesky sought to impeach him with the language in Shopko’s brief. Shopko objected that Bilesky could not impeach a witness with statements that the witness did not make. M. R. Evid. 801. A mid-trial conference ensued during which the District Court entertained further arguments on whether to *76 treat the statements in Shopko’s December 7, 2012 brief as judicial admissions. The court ultimately reaffirmed its initial ruling that the statements should not be treated as judicial admissions. In so doing, the District Court supplemented its reasoning, explaining that the four points were not “facts” that had been provided to Shopko’s counsel by his client, and that the parties had not agreed that the four points could not be disputed at trial. The court’s ruling, however, was not as one-sided as the Court implies. Opinion, ¶ 9. The District Court told Bilesky’s counsel that she could cross-examine Shopko employees by asking them: “If someone else in your organization said this [i.e., one of the four points], do you agree or disagree with it?” After trial resumed, Bilesky proceeded to question Shopko’s manager in this fashion.
¶47 Shopko has consistently maintained that when it referenced the four points in its answer brief to the motion for sanctions, it was merely reciting what Bilesky had set forth in her opening brief. Shopko has also consistently maintained that it never expressly waived contesting these points, and that the purpose in reciting these points was to propose a concession as an alternative to the harsher remedy of having a default judgment entered against it on liability. This explanation is consistent with what transpired in the briefing on Bilesky’s motion for sanctions. In her opening brief, Bilesky proposed that the District Court — as a sanction against Shopko — give the jury three instructions, none of which included Shopko’s admission to certain facts. The three instructions simply allowed the jury to draw negative inferences against Shopko for its loss of the video footage, and directed the juiy that Bilesky was not comparatively at fault for her injury as a matter of law. Following Shopko’s answer brief, Bilesky filed a reply brief in which she added a fourth proposed instruction (quoted at ¶ 40 above) directing the jury that Shopko had admitted certain points. Again, Bilesky proposed this as a sanction, which the District Court rejected when it found that Shopko should not be sanctioned.
¶48 Shopko’s pretrial contentions and correspondence to Bilesky indicated that the four points were disputed. Shopko was consistent in its position that these points were in dispute. Shopko explained during the mid-trial conference:
THE COURT: But Mr. Duerk, they’re in your brief, so presumably they’re not made up, somebody must have told you or someone in your law firm at some point that these were the facts.
MR. DUERK: That came from Plaintiffs counsel. And not knowing the facts myself, and as a concession here at the time as *77 a fallback argument if we were going to be sanctioned for losing this surveillance video that was the concession that I was willing to make at that time. They are part of a sanction, though, and we have not been sanctioned for this, and under Rule 37(e) this is not sanctionable activity.
So to now go back and sanction us and permit that sanction to be the basis for the impeachment of a fact witness who unequivocally and unambiguously has a different recollection, it doesn’t make sense, Your Honor.
Bilesky herself conceded during this mid-trial conference that Shopko had set forth the four points in its December 7,2012 brief in order “to avoid sanctions.”
¶49 The principle is well established that, in order to qualify as a judicial admission, an attorney’s statement must be deliberate, clear, and unambiguous. Lima v. Holder, 758 F.3d 72, 79 (1st Cir. 2014); Minter v. Wells Fargo Bank, N.A, 762 F.3d 339, 347 (4th Cir. 2014); Lee v. Smith & Wesson Corp., 760 F.3d 523, 528 (6th Cir. 2014); Robinson v. McNeil Consumer Healthcare, 615 F.3d 861, 872 (7th Cir. 2010); Phys. Comm. for Responsible Med. v. Applebee’s Int'l., Inc., 168 Cal. Rptr. 3d 334, 345 (Cal. Ct. App. 2014); Walter v. Wal-Mart Stores, Inc., 2000 ME 63, ¶ 12, 748 A.2d 961; Lebeck v. Lebeck, 1994 NM Ct. App. 103, ¶ 14, 881 P.2d 727; Coleman v. Wyeth Pharms., Inc., 6 A.3d 502, 524-25 (Pa. Super. Ct. 2010). The statement must be an express waiver conceding the truth of an alleged fact, and it must be an unequivocal statement of fact. Kohne v. Yost, 250 Mont. 109, 112-13, 818 P.2d 360, 362 (1991) (citing Childs v. Franco, 563 F. Supp. 290, 292 (E.D. Pa. 1983)); see also Hart v. Hart, 2011 MT 102, ¶ 18, 360 Mont. 308, 258 P.3d 389; Bitterroot Intl. Sys., Ltd. v. W. Star Trucks, Inc., 2007 MT 48, ¶ 41, 336 Mont. 145, 153 P.3d 627; Conagra, Inc. v. Nierenberg, 2000 MT 213, ¶ 45, 301 Mont. 55, 7 P.3d 369. “ ‘An unequivocal statement is one that is clear, unambiguous and expresses only one meaning.’ ” John B. Conomos, Inc. v. Sun Co., 831 A.2d 696, 713 (Pa. Super. Ct. 2003) (quoting Phila. Reinsurance Corp. v. Emplrs. Ins. of Wausau, 61 Fed. Appx. 816, 819 (3d Cir. 2003)). “A judicial admission must be a statement of fact within the speaker’s personal knowledge.”Lebeck, ¶ 14 (citing Derby Meadows Util. Co., Inc. v. Inter Contl. Real Estate, 559 N.E.2d 986, 991 (Ill. App. Ct. 1990)). The expression of an opinion does not qualify as a judicial admission. DeMars v. Carlstrom, 285 Mont. 334, 338, 948 P.2d 246, 249 (1997). Likewise, a court “should not consider statements of counsel’s conception of the legal theories of the case to be binding.” Kohne, 250 *78 Mont, at 113, 818 P.2d at 362. Because of their binding consequences, judicial admissions generally arise only from deliberate and voluntary waivers that expressly concede for the purposes of trial the truth of an alleged fact. United States v. Belculfine, 527 F.2d 941, 944 (1st Cir. 1975).
¶50 Whether a particular statement constitutes a judicial admission “depends upon the circumstances of each case,” Kohne, 250 Mont, at 113, 818 P.2d at 362, and is committed to the sound discretion of the trial court, Weaver v. State, 2013 MT 247, ¶ 19, 371 Mont. 476, 310 P.3d 495. Given the context in which Shopko made the statements now in dispute — i.e., in responding to Bilesky’s motion for sanctions — I am not convinced the District Court abused its discretion in determining that those statements did not constitute an express waiver conceding the truth of the “points” set forth by Bilesky, such that Shopko would be prevented “from introducing further evidence to prove, disprove, or contradict the admitted fact.” Weaver, ¶ 20 (internal quotation marks omitted).
¶51 First, the District Court found some doubt as to whether the statements in Shopko’s brief constituted clear and unambiguous statements of fact. The court noted that the statements were the opinions of the attorneys about what the lost video footage presumably would have shown. The statements themselves were subjective. “Gloria’s pants were visibly wet.” How wet? A couple of spots? Her entire pants? Gloria fell “hard.” Twelve jurors could have twelve different ideas of what constitutes a “hard” fall. She “got up slowly.” How slowly? Ultimately, given the availability of eyewitnesses who could testify and be cross-examined as to these issues, the District Court ruled that the matter should be left to the determination of the jury. I cannot find this to be an abuse of discretion.
¶52 The Court ignores the principle that a statement must be clear, unambiguous, and express only one meaning in order to qualify as a judicial admission. Instead, the Court manufactures a new rule that, although no further evidence may be introduced to prove, disprove, or contradict a judicially admitted fact, evidence may be introduced to “elaborate” on the admitted fact. Opinion, ¶ 17. The Court cites no authority for this rule. Moreover, the need for “elaboration” only confirms that the supposed “facts” here are not clear, unambiguous, and unequivocal. Indeed, they are the subjective opinions of Bilesky’s counsel about what the jurors would have perceived from the lost video footage. “Gloria fell forward” is plausibly an unambiguous fact — one that Shopko’s manager admitted under questioning by Bilesky’s *79 counsel. But “Gloria fell forward hard” is an opinion. Likewise, Gloria “got up slowly” is an opinion, as is Gloria was in “visible pain” and her “gait was altered.” As noted, a judicial admission must be a statement of fact within the speaker’s personal knowledge. Shopko’s counsel had no personal knowledge that “Gloria fell forward hard,” that she “got up slowly,” that she was in “visible pain,” and that her “gait was altered.” Accordingly, I disagree with the Court’s holding that all of the statements here were statements of fact. Opinion, ¶ 18.
¶53 Second, the District Court determined that the circumstances did not warrant treating Shopko’s statements as judicial admissions. Originally, Shopko was willing to concede the four “points” as a possible sanction. Shopko’s theory was this: (1) we are not liable for sanctions, but (2) if the court concludes otherwise, then we are willing to concede certain points as an alternative to the entry of a default judgment against us. M. R. Civ. P. 37(b)(2)(A)(i), (c)(1)(C) (the court may sanction a party by ordering that “designated facts be taken as established for purposes of the action, as the prevailing party claims”). Ordering that “designated facts be taken as established for purposes of the action” is comparable to treating those facts as judicial admissions. See Card Tech. Corp. v. DataCard Inc., 249 F.R.D. 567, 571 (D. Minn. 2008) (referring to a sanction under Rule 37(b)(2)(A)(i) as “[t]he judicial admission of certain facts as established”); 2 Kenneth S. Broun et al., McCormick on Evidence § 254, 262 (7th ed. 2013) (explaining that judicial admissions, as contrasted with evidentiaiy admissions, “are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact” (emphasis added)). Thus, Shopko’s counsel essentially offered, as a lesser sanction under Rule 37, to have certain points, which the video allegedly would have shown, treated by the court as judicial admissions. However, a conditional offer of this nature to accept a particular sanction in lieu of a harsher sanction is not, in my view, the same as making an; express and unconditional waiver conceding unequivocally the truth of an alleged fact — especially where, as here, the trial court declines to impose any sanctions at all. The Court, notably, concedes this point. Opinion, ¶ 30.
¶54 Bilesky’s approach at this point in the proceedings was the same as Shopko’s. She proposed instructing the jury that Shopko had admitted the listed points as a possible sanction for Shopko’s loss of the video footage, not based on the theory of judicial admissions. Bilesky only articulated a judicial admission theory after her motion for *80 sanctions had failed (and, notably, after signing the Pretrial Order which stated that the four points were Plaintiffs Contentions, not Agreed Facts). As explained, this occurred when Bilesky filed her January 29, 2013 Trial Brief, requesting that certain “undisputed facts” be read to the jury. This apparently came as a surprise to Shopko, given that these had not been listed as Agreed Facts in the Pretrial Order. Shopko promptly responded on January 30,2013, that the alleged “undisputed facts” in Bilesky’s Trial Brief were, in fact, disputed. Bilesky then filed her supplemental brief on February 4, 2013 — the morning of trial — raising for the first time her judicial admission theory.
¶55 Contrary to the foregoing procedural history, the Court announces that Shopko did not offer to admit facts, but instead actually admitted facts. Opinion, ¶ 30. In so doing, the Court errs by reading passages from Shopko’s December 7,2012 brief in isolation and by failing to give proper deference to the District Court judge’s evaluation of Shopko’s explanation. Opinion, ¶¶ 28-32. Focusing on particular statements in the brief, the Court announces that Shopko intended to unequivocally admit the four points. Opinion, ¶¶ 28,30. Could Shopko’s counsel have articulated his purpose more concisely, using the “conditional” language that the Court now opines should have been used? Opinion, ¶¶ 29-30. Perhaps. However, prior to today’s decision, the law has never involved such technical requirements. According to the Court’s own two-pronged test, Opinion, ¶ 14, we must consider “the entire context” and “circumstances” of Shopko’s statements — not only what was written in a single brief, but also what was discussed thereafter among the District Court judge and the attorneys.
¶56 When Bilesky finally raised her judicial admission theoiy on the morning of trial, Shopko’s counsel explained the purpose of his statements: they were an offer to admit certain points that Bilesky’s counsel claimed the lost video footage would have shown, in lieu of suffering a default judgment on liability. Shopko’s counsel did not represent that these points were actually true; he simply expressed willingness to concede the points as a remedy should the District Court find that a discovery violation had occurred. The District Court judge believed this explanation. The judge made a critical finding: that Shopko’s counsel did not intend to unequivocally concede the truth of the four points. The judge recognized that an offer to have certain points deemed established as a lesser sanction for discovery abuse, M. R. Civ. P. 37(b)(2)(A)(i), is not the same as a judicial admission. Bilesky’s counsel, no less, conceded that Shopko’s intent was “to avoid sanctions.”
*81 ¶57 In these circumstances, it is wrong for this Court to announce, based on the cold record before us, that we know better than everyone else what was really going on: that Shopko’s counsel was engaging in “intentional self-contradiction” and “playing fast and loose with the facts to suit the exigencies of self-interest.” Opinion, ¶ 20. In case after case, this Court has stated that the trial court is in the best position to determine credibility, since the trial judge is the one who is intimately familiar with the details of the case and who personally hears and observes the witness or, as here, the attorney. Ditton v. Dept, of Just., 2014 MT 54, ¶ 33, 374 Mont. 122, 319 P.3d 1268; Benjamin v. Anderson, 2005 MT 123, ¶ 37, 327 Mont. 173, 112 P.3d 1039; State v. Kaufman, 2002 MT 294, ¶ 12, 313 Mont. 1, 59 P.3d 1166. Moreover, this Court has stated repeatedly that our review of factual determinations is not whether the record supports different findings, but whether the record supports the findings actually made. Lyndes v. Green, 2014 MT 110, ¶ 15, 374 Mont. 510, 325 P.3d 1225; Deschamps v. Treasure State Trailer Court, Ltd., 2010 MT 74, ¶ 45, 356 Mont. 1, 230 P.3d 800. The District Court evaluated the credibility of Shopko’s explanation and determined that Shopko did not intend to unequivocally concede the truth of the four points. The record supports this finding, and it is not our prerogative to impugn the District Court’s decision based on conjecture about what we think Shopko really meant.
¶58 In Weaver v. State, 2013 MT 247, 371 Mont. 476, 310 P.3d 495, we observed that “a judicial admission is not effective if it was subsequently modified or explained so as to show that the litigant was mistaken.” Weaver, ¶ 26 (internal quotation marks omitted). Thus, since “the Weavers immediately modified the disputed language to clarify their intended meaning,” we held that the district court did not abuse its discretion in determining that the statement did not constitute a judicial admission. Weaver, ¶ 26. Here, Shopko promptly objected to Bileskys claim in her Trial Brief that the four points were undisputed. To the extent it had made a judicial admission — which Shopko has never conceded — Shopko clearly withdrew it, and did so in advance of trial. Weaver thus supports the District Court’s ruling in the present case and undermines the Court’s decision to impose a judicial admission on Shopko based solely on what Shopko said in its December 7, 2012 brief.
¶59 Furthermore, “considerations of fairness and the policy of encouraging judicial admissions require that trial judges be given broad discretion to relieve parties from the consequences of judicial *82 admission in appropriate cases.” Belculfine, 527 F.2d at 944; accord MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997). Thus, even if Shopko’s statements met all the criteria of a judicial admission, the District Court had discretion to relieve Shopko of the admissions. See Coral v. Gonse, 330 F.2d 997, 998 n.1 (4th Cir. 1964) (“Of course, even a judicial admission does not always foreclose a different position. If the District Court, convinced that an honest mistake had been made, the original allegation was untrue and that justice required relief, it may, in its discretion, relieve the party of its otherwise binding consequence.”); Elec. Mobility Corp. v. Bourns Sensors/Controls, Inc., 87 F. Supp. 2d 394, 406 (D.N.J. 2000) (“While it is true that a judicial admission normally binds the party making it throughout the course of the action, it is also well-established that trial judges are given broad discretion to relieve parties from the consequences of judicial admissions in appropriate cases.”); 30B Michael H. Graham, Federal Practice and Procedure § 7026, 331 (interim ed. 2011) (“The trial court possesses discretion to relieve a party from the consequences of a judicial admission.”); 9 John Henry Wigmore, Evidence in Trials at Common Law § 2590, 822-23 (Chadbourn rev. 1981) (“In view... of the commendable purpose which leads (or ought to lead) to the voluntary making of admissions, it is always said — and properly so — that the trial court has discretion to avoid the consequence of conclusiveness of an admission.”).
¶60 The Court fails to apply the foregoing principle and to accord proper deference to the District Court’s discretionary decision to relieve Shopko of the consequences of its supposed judicial admissions. Instead, the Court selects two precedents — Kohne and Weaver — and announces it is “readily apparent” that the present case is closer to Kohne than to Weaver. Opinion, ¶¶ 23-28.1 do not agree with the Court’s implicit premise that trial courts are required to fit the unique circumstances of a given case into the framework of either Kohne or Weaver. Each case must turn on its unique facts, and it is wrong to suggest, as the Court does, that Kohne and Weaver reflect all of the pertinent considerations in deciding whether to relieve a party of its admissions. As discussed, the present case is unique in that the statements at issue were made in the context of a motion for sanctions trader M. R. Civ. P. 37. Shopko’s counsel explained his intent in offering to admit the truth of certain points. The District Court found counsel’s explanation credible. If anything, the present case is closer to Weaver in that Shopko “immediately modified the disputed language to clarify [the] intended meaning.” Weaver, ¶ 26. In my view, the *83 subjective nature of the supposed admissions, Shopko’s prompt objection to Bilesky’s Trial Brief, Shopko’s explanation that it had not intended to make any judicial admissions, and the availability of eyewitness testimony, together, constituted proper circumstances for the District Court to exercise its discretion and relieve Shopko of the judicial admissions it allegedly had made.
¶61 In sum, it is my view that this Court has not given proper deference to the discretion of the trial court in making its evidentiary ruling. The Court has failed to appreciate the entire context of Shopko’s statements and the District Court’s ruling, and has failed to respect the trial court’s determination that the trier of fact should hear eyewitness testimony rather than the subjective impressions of counsel. While this Court, had it been presiding over the trial proceedings, might have arrived at a different evidentiary decision, our task is to determine whether the District Court abused its discretion. I am not convinced that Shopko’s statements constitute an express waiver and I, therefore, cannot find that the District Court abused its discretion. Furthermore, even assuming, for the sake of argument, that the statements constituted judicial admissions, the District Court had discretion to relieve Shopko from the admissions, which the court obviously did. It is thus inappropriate for this Court to usurp the District Court’s discretionary decision-making and to impose on Shopko an express waiver conceding the truth of the four points.
¶62 I dissent.